Battle, J.
The charge of his Honor to the jury is in direct conflict with the opinion of this Court in the case of the State v. Cook, 12 Ire. Rep. 67. It was there said, that the guardian was bound to furnish Ms wards with necessaries, but not so as to exceed their income. “ The’ infants had no capacity to incur a debt exceeding their income, even for necessaries. The guardians of infants are presumed to furnish all necessaries, and a stranger who furnishes board or any thing else, must, except under peculiar circumstances, take care to contract with the guardian. Otherwise, the provision that guardians shall not, in their expenditures, exceed the income of wards, would be vain and nugatory.” See also Long v. Norcom, 2 Ire. Eq. 354, and Downey v. Bullock, 7 Ire. Eq. Rep. 102.
The counsel for the defendant has referred us to the case of Sharpe v. Cropsey, 11 Barb. (N. Y.) Rep. 227, where the question presented was identical with the one before us. The Court there say that “ the rule seems to be this: the step-father is not bound to support his step-children, nor they to render him any services; but if he maintain them, or they labor for him, the}' will be deemed to have dealt with each other in the character of parent and child, and not as strangers. There is no obligation on the part of the father to pay for the childrens’ services, nor on the part of the children to remunerate their father for their support.”
The judgment must be reversed and a venire de novo ordered.
Per Curiam. Judgment reversed, and venire de novo¡